PHILETUS W. GATES
v.
DAVID R. FRASER.

PATENT—AGREEMENT TO DIVIDE ROYALTY.—The court is of opinion that the evidence establishes an agreement between the parties to divide the royalties received, and this agreement being the consideration for a conveyance to appellant of a part of the patent, he holds his interest charged with the obligation to divide.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding. Opinion on motion for rehearing filed February 24, 1882.*

Messrs. ISHAM, LINCOLN, BURRY and RYERSON, for the rehearing petition.

Mr. GEO. SCOVILLE and Mr. JOHN W. ELA, *contra*.

PER CURIAM. Since the filing of the opinion in this case, appellees have presented a petition for a rehearing, on the ground that through a faulty abstract, the court was misled as to the facts as shown by the record. It is proper to say that when considering the case, we carefully examined, not only the abstract, but also the transcript of the record, and were thus in possession of all the facts.

The case is in a nut-shell. The bill alleges that Gates conveyed to Fraser a half interest in the patent, with an agreement that the parties should divide equally all moneys received by either, for royalties or license fees. The answer admits the conveyance, but denies the alleged agreement to divide. The answer was sworn to, but as the oath of the defendant was waived by the bill, the answer only had the effect to put the complainant to the proof of such facts as were not admitted. By the certificate of the evidence it appears, substantially, that at or about the time of issuing of the letters patent, the parties

* For original opinion in this case, see 9 Bradwell, page 624.

verbally agreed to divide equally all moneys received from the patent, by way of license fees or otherwise, and that they commenced and continued to so divide, for a period of about twelve years, when Fraser refused to further divide, on the ground that he was under no legal obligation to do so. We held that it was fairly presumable that Fraser's agreement to divide, was the consideration for the conveyance by Gates to him of his moiety of the patent, no other or different consideration being shown, and that Fraser holds his interest, charged with the obligation to divide, so long as he retains such interest and continues to receive license fees therefrom. Being satisfied, upon further consideration of the case, that the conclusion heretofore reached is correct, the petition for a rehearing must be denied.

Rehearing denied.